**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Antonio LAFARGA–SALAZAR,**
**Defendant–Appellant.**

No. 14–50117.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2015.[*]

Filed March 16, 2015.

Ryan A. Sausedo, Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Esquire, Karyn H. Bucur Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before: FARRIS, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM [**]

Luis Antonio Lafarga–Salazar appeals from the district court's judgment and challenges the 63–month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We dismiss.

Lafarga–Salazar contends that his sentence is substantively unreasonable. The government contends that this appeal should be dismissed based on the appeal waiver contained in the parties' plea agree-ment. Lafarga–Salazar argues that the appeal waiver cannot be enforced because the district court violated Federal Rule of Criminal Procedure 11. We review de novo whether a defendant has waived his right to appeal, and for plain error the adequacy of the plea colloquy because Lafarga–Salazar did not raise a Rule 11 objection in the district court. *See United States v. Watson,* 582 F.3d 974, 981, 987 (9th Cir.2009). The court properly advised Lafarga–Salazar of the appeal waiver at the plea hearing, *see* Fed.R.Crim.P. 11(b)(1)(N), and Lafarga–Salazar has failed to show a reasonable probability that, but for any alleged Rule 11 errors, he would not have pleaded guilty, *see United States v. Dominguez Benitez,* 542 U.S. 74, 76, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). Accordingly, we dismiss this appeal based on the valid appeal waiver. *See Watson,* 582 F.3d at 988.

**DISMISSED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.